UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANJIT SINGH,

                Petitioner,

    v.

MARKWAYNE MULLIN, *et al.*,

                Respondents.

Case No. C26-1827-MLP

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Ranjit Singh is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington ("NWIPC"). Petitioner, through counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts that his detention is unconstitutional, and he seeks immediate release from custody. (Dkt. # 1.) Respondents filed a timely return to the petition (dkt. # 6), together with a sworn declaration from ICE Deportation Officer Robert Andron (dkt. # 7) ("Andron Decl."), and an unsworn declaration from Respondents' counsel, Lawrence Van Daley (dkt. # 8) ("Van Daley Decl."). Petitioner filed a timely traverse in response to Respondents' return, together with supporting exhibits. (*See* dkt. # 9.)

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

The Court, having reviewed the parties' submissions and the governing law, finds that Respondents' re-detention of Petitioner, without prior notice or an opportunity to be heard, violated his constitutional right to due process. Accordingly, the Court GRANTS Petitioner's federal habeas petition in part and ORDERS that Petitioner be released from detention within 24 hours.

## I.       BACKGROUND

Petitioner is a native and citizen of India. (*See* Andron Decl., ¶ 4; Van Daley Decl., Ex. 1 at 1.) Petitioner entered the United States near Lukeville, Arizona, on August 26, 2022, and was encountered by a United States Border Patrol ("USBP") Agent. (Andron Decl., ¶ 5.) After it was determined that Petitioner had entered the United States illegally, he was arrested and transported to the Ajo, Arizona Border Patrol Station for further processing. (*Id.*, ¶¶ 5-6.)

On August 28, 2022, USBP issued a Notice to Appear ("NTA") charging Petitioner with inadmissibility under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). (Andron Decl., ¶ 7; Van Daley Decl., Ex. 1.) The following day, August 29, 2022, Petitioner was released from custody on an Order of Release on Recognizance ("OREC"), which imposed reporting requirements and other conditions of release. (Andron Decl., ¶ 8; Van Daley Decl., Ex. 2.)  Following his release, Petitioner appeared for regular ICE check-ins approximately every six months. (Dkt. # 1 at 2, ¶ 3.)

On August 18, 2024, Petitioner was arrested by the Bellingham Police Department for Driving Under the Influence ("DUI"), in violation of RCW 46.61.502. (*See* Andron Decl., ¶ 9.) The DUI charge was subsequently amended to reckless driving, and on March 7, 2025, Petitioner pled guilty to the amended charge and was sentenced to 364 days in jail with all but one day suspended, and he received credit for one day served. (Dkt. # 9, Ex. A at 1-4.)

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 2

On May 14, 2026, Petitioner reported to the Seattle Field Office of ICE's Office of Enforcement and Removal Operations ("ERO") for a scheduled check-in appointment, and routine systems inquiries revealed that Petitioner had been charged with DUI. (Dkt. # 1, ¶ 26; Andron Decl., ¶ 10; Van Daley Decl., Ex. 3 at 2.) Seattle's ERO management thus approved a custody redetermination based on Petitioner's violation of the conditions of his OREC, and a warrant for arrest was issued and served on Petitioner.[1] (Andron Decl., ¶ 10; Van Daley Decl., Ex. 4.)

Petitioner filed his federal habeas petition on May 28, 2026, challenging his re-detention under the Due Process Clause. (Dkt. # 1 at 11-12.) Petitioner seeks release from detention, and an order enjoining Respondents from re-detaining him during the pendency of his removal proceedings without first providing notice and a hearing. (*Id.* at 13.)

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

---

[1] According to Petitioner, following his DUI-related arrest he appeared for two other post-arrest check-ins before he was re-detained at his scheduled check-in on May 14, 2026. (Dkt. # 1 at 2, ¶ 3.)

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 3

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

Petitioner presents in his petition a single ground for relief challenging his re-detention by ICE on May 14, 2026, *i.e.*, that revoking his release without providing him advance written notice of the basis for revoking his release and a hearing before a neutral decisionmaker to determine whether re-detention is warranted based on danger or flight risk violated his right to procedural due process. (*See* dkt. # 1 at 11-12.) Respondents argue in response that Petitioner's detention is statutorily authorized, and that Petitioner's re-detention, in any event, complied with procedural due process. (Dkt. # 6 at 5-9.)

### A.   Statutory Basis for Detention

Respondents argue that Petitioner's detention is statutorily authorized under 8 U.S.C. § 1225(b), which subjects applicants for admission to the United States to mandatory detention. (Dkt. # 6 at 5.) However, courts in this District routinely reject the argument that noncitizens under circumstances similar to Petitioner's here are applicants for admission who are "seeking admission" and therefore subject to detention under § 1225(b). *See, e.g., Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1304 n.3 (W.D. Wash. 2025) (collecting cases).

Respondents, in apparent recognition of this fact, argue that even if the Court were to conclude that Petitioner's detention is governed by 8 U.S.C. § 1226(a), which grants the Secretary of Homeland Security discretion to detain or release noncitizens pending removal proceedings, ERO retains the authority to revoke conditional release when a noncitizen violates the terms of release, as happened here. (Dkt. # 6 at 6.) Thus, according to Respondents,

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4

Petitioner's current detention is statutorily authorized whether analyzed under § 1225(b) or § 1226(a). (*Id.*)

However, Petitioner does not challenge Respondents' statutory classification of his detention; he argues that the Fifth Amendment entitled him to some amount of process before ICE arrested and detained him. (Dkt. # 1 at 7-13.) His claim is therefore constitutional, not statutory. *See P.T. v. Hermosillo*, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025) ("To the extent that the Government's briefing suggests that [§] 1225(b) should be the beginning and end of the Court's inquiry, this position is emphatically rejected."); *Francois v. Wamsley*, 2025 WL 3063251, at *3 (W.D. Wash. Nov. 3, 2025) ("Any argument that ICE acted within its authority has no [effect] on a claim contending that detention violates Constitutional Due Process."); *see also Telenchana v. Hermosillo*, 2026 WL 696806, at *10 (W.D. Wash. Mar. 12, 2026) ("Statutory authority to detain does not obviate Respondents' obligation to comply with due process."). Respondents' argument that Petitioner's detention is statutorily authorized is therefore unavailing.

### B.     Due Process

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz*, 53 F.4th at 1206-07; *see also*

*E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases). The Court applies the *Mathews* test below.

As to the first *Mathews* factor, Petitioner, having spent over three and a half years living in the United States since ICE allowed his conditional release in August 2022, has a liberty interest in remaining free from immigration detention. The Supreme Court has recognized that "[f]reedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Hamdi*, 542 U.S. at 529 (the interest in not being detained "is the most elemental of liberty interests"); *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty [the Due Process] Clause protects.").

Respondents acknowledge that "Petitioner's private interest in his conditional release is real," but suggest that interest is somehow reduced because Petitioner was on notice his release was subject to revocation upon violation of the terms of the OREC he signed in August 2022. (Dkt. # 6 at 8.) In other words, Respondents appear to argue that Petitioner's interest in his conditional release is diminished because the release was conditional. This circular reasoning cannot carry the day.

"The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); *see also Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025). Thus, when Petitioner was released after his initial detention, he took with him a liberty interest entitled to the full

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 6

protection of the Due Process Clause. *Doe*, 787 F. Supp. 3d at 1093. The first *Mathews* factor favors Petitioner.

As to the second *Mathews* factor, the procedures used to re-detain Petitioner created a high risk of erroneous deprivation of his liberty. ICE revoked Petitioner's OREC and re-detained him at a routine check-in with no advance notice and no opportunity to contest re-detention before a neutral decisionmaker. Respondents argue that the risk of an erroneous deprivation was low here because the factual predicate for the revocation was a criminal arrest and conviction and not a discretionary or subjective determination by ICE. (Dkt. # 6 at 7.)

Notably, however, while Petitioner's OREC specifically provides that he "must not violate any local, State or Federal laws or ordinances" while on release, it also provides that failure to comply with the conditions *may* result in revocation, not that it *will* result in revocation. (Van Daley Decl., Ex. 2.) Here, Petitioner maintains, and Respondents do not dispute, that between the time he was arrested for DUI in August 2024, and the time he was re-detained at a routine check-in in May 2026, he had appeared for at least two other check-ins that did not result in his re-detention. (Dkt. # 1 at 2, ¶ 3.) The fact that ICE apparently had prior opportunities to revoke Petitioner's release following his arrest and/or conviction and elected not to do so suggests that ICE's decision to revoke Petitioner's release in May 2026 was, in fact, discretionary and not mandated by the terms of his OREC.

Moreover, when ICE released Petitioner after his initial detention, it did so after determining—as required by regulation—that "such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). Courts in this District have found that arresting and re-detaining noncitizens who were initially detained and released, without first reconsidering those factors, poses a significant

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 7

risk of erroneous deprivation. *See, e.g., E.A. T.-B.*, 795. F. Supp. 3d at 1323; *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1202-03 (W.D. Wash. 2025); *see also Doe,* 787 F. Supp. 3d at 1094 ("[G]iven that Petitioner was previously found to not be a danger or risk of flight . . . the risk of erroneous deprivation remains high."). Nothing in the record demonstrates that ICE reconsidered whether Petitioner, because of his arrest and conviction, was thereafter considered a flight risk or danger to the community, and a conviction for reckless driving does not, by itself, give rise to such an inference.

Finally, the Court observes that courts in this District have held that "the fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'" *Ramirez Tesara*, 800 F. Supp. 3d at 1137 (quoting *E.A. T.-B.*, 795 F. Supp. 3d at 1322). It is apparent here that ICE believed it had a valid reason to detain Petitioner, but the procedures employed were insufficient to protect Petitioner's due process rights. The second *Mathews* factor also favors Petitioner.

Finally, as to the third *Mathews* factor, the Court recognizes that the government has legitimate interests in enforcing the immigration laws and ensuring a noncitizen's appearance at proceedings. However, Respondents identify no concrete way in which providing a short, pre-deprivation custody hearing before re-detention would materially impede those interests.

Respondents argue here that the government has a compelling interest in enforcing the conditions of release it grants to noncitizens and "in responding promptly when those conditions are violated by criminal conduct." (Dkt. # 6 at 8.) Respondents further argue that requiring a formal pre-deprivation hearing "in every case involving a clear violation of an express release condition, especially when the violation is discovered during a required appearance and formal

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 8

revocation documentation is completed the same day, would impose significant administrative burdens without a commensurate increase in accuracy." (*Id.*) The Court is not persuaded.

The record before this Court makes clear that ICE did not, in fact, "respond promptly" when Petitioner violated the conditions of his release, but instead waited until over a year after he had been convicted of the reckless driving charge to take any steps towards revoking his release. The Court observes as well that even a case involving a "clear violation" of a release condition would not, in every instance, likely justify a noncitizen's re-detention.

Custody and bond hearings already occur regularly within the existing immigration system, and courts have repeatedly found the incremental administrative burden of such hearings modest relative to the risk and consequences of erroneous detention. *See*, *e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Respondents have not identified any exigent circumstances that would have made a pre-deprivation process impracticable here. Thus, the third *Mathews* factor also favors Petitioner.

In sum, the *Mathews* factors strongly favor Petitioner and habeas relief is therefore warranted. Given the lack of lawful process at the outset of detention and the absence of exigent circumstances, release is the appropriate and constitutionally required remedy. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324.

Petitioner, in conjunction with his request for release from custody, asks that Respondents be prohibited from re-detaining him during the pendency of his removal proceedings without providing written notice and a hearing prior to re-detention at which Respondents would bear the burden of proving by clear and convincing evidence that he is a flight risk or a danger to the community, and that no less restrictive alternatives to detention would mitigate those risks. (*See* dkt. # 1 at 13.)

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 9

A permanent injunction requires a "cognizable danger of recurrent violation," not merely a past violation. *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003); *see Torres v. Hermosillo*, 2026 WL 145715, at *8 (W.D. Wash. Jan. 20, 2026). While the record establishes that Petitioner was re-detained without constitutionally adequate process, it does not demonstrate a specific, real, and immediate threat that he will again be re-detained without due process. Nor does the petition engage with the elements required for permanent injunctive relief under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2008). Accordingly, Petitioner's request for permanent injunctive relief is denied.

## IV.    CONCLUSION

Based on the foregoing, the Court hereby ORDERS as follows:

(1)    Petitioner's petition for writ of habeas corpus (dkt. # 1) is GRANTED in part.

(2)    Petitioner shall be RELEASED from immigration detention within 24 hours on conditions consistent with those in place at the time of his re-detention, and Respondents shall file a certification within 48 hours that Petitioner has been released.

(3)    Petitioner's request for permanent injunctive relief is DENIED without prejudice.

(4)    Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are reminded of the meet and confer requirement under this Court's chambers procedures.

DATED this 18th day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 10